Opinion filed April 1,
2010

 




 
 
 
 
 
 
 





                                                                       In The

                                                                              

  Eleventh
Court of Appeals  

                                                                    __________

 

                                                           No. 11-08-00209-CR 

                                                                    __________

 

JUSTIN MCCULLOUGH, Appellant

 

V.

 

STATE OF TEXAS, Appellee                      


   

 

On Appeal from the County Court

 

Ector County,
Texas

 

Trial Court Cause
No. 07-3935



 

M
E M O R A N D U M   O P I N I O N

             The
jury convicted Justin McCullough of driving while intoxicated.  The trial court
sentenced McCullough to six months in jail, probated for one year, and fined
McCullough $800.  We affirm.

I.  Background
Facts

McCullough
crashed his pickup into the east and west guardrails of a two-lane highway.  
McCullough testified that he hit the guardrails after swerving to miss a coyote
and that he thought his right rear tire blew out before contact.  Immediately
after the accident, McCullough called his father, who arrived at the scene at
approximately 12:25 a.m., checked his son for injuries, and then called the
local sheriff’s department.

Trooper
John Martinez was dispatched and arrived at the scene of the accident around
12:45 a.m.  Trooper Martinez noticed that McCullough’s eyes were bloodshot
and glassy, and he smelled alcohol on McCullough’s breath.  McCullough admitted
that he had a beer after work and then another two beers and a mixed drink at
his girlfriend’s house between 7 p.m. and 10:30 p.m.

Trooper
Martinez had McCullough perform three field sobriety tests.  Trooper Martinez
first tested McCullough with the Horizontal Gaze Nystagmus (HGN) test.
McCullough exhibited six clues of intoxication.  Trooper Martinez then had
McCullough perform the walk-and-turn test.  Before starting, McCullough
informed Trooper Martinez that he had a bad knee.  Trooper Martinez
observed five out of seven intoxication clues on this test.  In the final test,
the one-leg stand, Trooper Martinez observed two out of three clues.  Trooper
Martinez then arrested McCullough for driving while intoxicated.

II. 
Legal & Factual Sufficiency

McCullough
complains on appeal that his conviction is supported by legally and factually
insufficient evidence.  To determine if the evidence is legally sufficient, we
must review all of the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim.
App. 2000).  To determine if the evidence is factually sufficient, we review
all the evidence in a neutral light and determine whether the evidence
supporting the verdict is so weak that the verdict is clearly wrong and
manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence.  Watson v.  State, 204
S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

The
jury, as trier of fact, is the sole judge of witness credibility and of the
strength of the evidence.   Fuentes v. State, 991 S.W.2d 267, 271 (Tex.
Crim. App. 1999).  The jury may choose to believe or disbelieve any portion of
a witness’s testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim.
App. 1986).  The appellate court should not reweigh the evidence as a
thirteenth juror or decide whether it believes the evidence established the elements
in question beyond a reasonable doubt.  Gibbs v. State, 819 S.W.2d
821, 834 (Tex. Crim. App. 1991).  

McCullough
questions the reliability and credibility of Trooper Martinez’s testimony and
contends that, without it or evidence of McCullough’s blood alcohol level, the
State did not present sufficient evidence to prove that McCullough drove while
intoxicated. Intoxication is defined by law as not having the normal use of
mental or physical faculties by reason of the introduction of alcohol or having
an alcohol concentration of .08 or more.  Tex.
Penal Code Ann. § 49.01(2)(A), (B) (Vernon 2003).

McCullough
argues that Trooper Martinez’s testimony was unreliable and not credible
because the officer inadequately investigated the accident, made numerous mistakes
on his paperwork, testified inconsistently, prematurely concluded and operated
under the bias that McCullough was intoxicated, and did not employ other field
sobriety tests after learning that McCullough had knee problems.  The mistakes
and alleged deficiencies Trooper Martinez made during his investigation were
heard and considered by the jury.  It is not our role to determine witness
credibility or reliability, and the jury was free to accept or reject any
portion of Trooper Martinez’s testimony as well as any of the other
witnesses. 

McCullough
also attacks Trooper Martinez’s credibility based on the officer’s
administration of the HGN test.  McCullough relies on State v. Rudd to
assert that an HGN test conducted off-camera is not credible as a matter of
law  State v. Rudd, 255 S.W.3d 293 (Tex. App.—Waco 2008, pet. ref’d). 
The court in Rudd held that the trial court did not abuse its discretion
when it found that the State failed to prove that the officer properly
administered the test and suppressed the evidence.  Id. at 301.  We are
not addressing the admissibility of evidence, only its sufficiency. 
McCullough’s reliance on Rudd is misplaced. 

Sufficient
evidence established that McCullough drove while intoxicated:  McCullough’s
admission to drinking alcohol and that the accident occurred, testimony about
his poor performance on the sobriety tests, and his behavior and demeanor at
the scene of the accident. Viewed in the light most favorable to the jury’s
determination, the jury acted rationally when it concluded that McCullough was
guilty of driving while intoxicated.  The evidence is also not so weak or
against the great weight of conflicting evidence to undermine our confidence in
the jury’s decision.  Accordingly, we overrule McCullough’s sufficiency
challenges. 

III. 
Conclusion

The judgment of
the trial court is affirmed.

 

                                                                                    RICK
STRANGE

                                                                                    JUSTICE

 

April 1, 2010

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.